**UNITED STATES of America**

v.

**Jay L. GIBSON.**

**Crim. No. 87–311 SSH.**

United States District Court, District of Columbia.

May 4, 1990.

---

Asst. U.S. Atty. Sharon A. Sprague, Washington, D.C., for plaintiff.

Patricia D. Douglass, Washington, D.C., for defendant.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

Defendant was arrested on June 23, 1987, and later was charged in a one-count indictment with the possession of cocaine with the intent to distribute it.

### Background

After a District of Columbia attorney was appointed to represent defendant following his arrest, an appearance was entered on defendant's behalf by Allen N. Brunwasser, a member of the Pennsylvania bar (but not of the District of Columbia bar). The Court initially extended all possible courtesies to Mr. Brunwasser. However, ultimately two factors became apparent. The first was that Mr. Brunwasser's attendance for scheduled appearances was unreliable. The second—and by far more significant—is that Mr. Brunwasser's over-riding goal is to prevent this simple case from running its normal course. The Court does not now wish to state again that which previously has been recounted, and refers instead to its Memorandum Opinion dated November 24, 1987, in which it was concluded that the Court's permission for Mr. Brunwasser to appear *pro hac vice* had to be withdrawn. Similarly, incorporated herein by reference are the Court's Memorandum Order dated December 23, 1987, and its Memorandum Opinion dated February 4, 1988.

Defendant, over whom Mr. Brunwasser appears to have an extraordinary influence, now has had four successive District of Columbia attorneys. Each, in his or her own way, has made it clear that he or she basically was denied access to defendant by Mr. Brunwasser, thus rendering the effective assistance of counsel expected by the Court impossible. Richard Huber, the court-appointed first local attorney, so stated. Jeffrey Jacobovitz, selected by defendant and Mr. Brunwasser subsequent to the Court's conclusion that Mr. Brunwasser's conduct necessitated full compliance with Local Rule 104(c) [formerly Rule 104(b) ], so stated. Thomas Abbenante, appointed after Mr. Jacobovitz was granted leave to withdraw, later submitted a Criminal Justice Act voucher which reflected no time spent conferring with defendant. Patricia D. Douglass, retained by defendant as a consequence of Mr. Abbenante's appointment, made clear the limits placed on her participation.[1]

The Court had set January 5, 1988, as the date for a renewed suppression hearing. *See* Memorandum Order of December 23, 1987. Defendant and Mr. Brunwasser then created a situation in which Mr. Jacobovitz felt compelled to request leave to withdraw, and the Court felt compelled to grant that relief.[2]

As indicated above, a magistrate then appointed Mr. Abbenante to represent de-

---

**1.** *See, e.g.,* p. 2 of Attachment D to her Reply Memorandum in Support of Motion for Leave To Withdraw as Counsel for Defendant, where Mr. Brunwasser wrote to her: "... I hope you will forgive me for restricting your participation since both Mr. Gibson and I know you can do as good or probably a better job than I if cut loose to function."

**2.** At the aborted suppression hearing on November 6, 1987, Mr. Jacobovitz stated:

I do not have any authority to do anything; so Mr. Gibson has not had the benefit of any of local counsel's experience on the rules and experience in court. (Page 1 of Exhibit A to Memorandum Opinion of November 24, 1987.)

fendant. The Court's Memorandum Opinion of February 4, 1988, made clear its intention to go forward with the renewal of the suppression hearing on February 16, 1988. (*See* particularly p. 5 and n. 5.) In the meantime, however, defendant and Mr. Brunwasser twice had sought writs of mandamus.[3] (D.C.Cir. Nos. 87–5309 and 88–5002.) In the first case, the petition was denied on January 5, 1988. In the second mandamus case, however, on February 9, 1988, the Court of Appeals directed the respondents to respond on the limited issue of this Court's withdrawal of its permission for Mr. Brunwasser "to appear *pro hac vice* without providing him notice and opportunity to be heard, and the resulting potential impact on Gibson's Sixth Amendment right to counsel." Because of the specific nature of the Court of Appeals' inquiry, this Court felt constrained to stay its hand until the mandamus issue was resolved. Accordingly, by Order dated February 10, 1988, the suppression hearing was "continued until further order of the Court." The Court of Appeals denied the second petition for a writ of mandamus on January 17, 1989. Defendant and Mr. Brunwasser petitioned for a writ of certiorari; that was denied by the Supreme Court on October 2, 1989.

This Court held a status call on December 13, 1989, by which time Ms. Douglass had been retained to represent defendant. The members of the undersigned's staff have described the extent to which Mr. Brunwasser actively was engaged in directing the handling of the case in the well of the court prior to the convening of the hearing. During the actual proceeding, as ordered by the Court, Mr. Brunwasser sat in the spectator's portion of the courtroom; only Ms. Douglass spoke on defendant's behalf. Ms. Douglass requested leave to file a motion to transfer the case to the

Western District of Pennsylvania; such leave was granted. The motion to transfer was opposed by the Government; it was denied on February 7, 1990.

On March 5, 1990, the suppression hearing was rescheduled for March 20, 1990. On the next day, Mr. Brunwasser filed in the Court of Appeals a purportedly *pro se* Petition for Writ of Mandamus, Exercise of Court's Supervisory Power and/or Habeas Corpus if Available and/or To Certify Entire Case to United States Supreme Court. (D.C.Cir. No. 90–3036.) Obviously, Ms. Douglass had no prior knowledge of such a course of action, and on March 9 she filed her Motion for Leave To Withdraw as Counsel for Defendant. A purportedly *pro se* answer thereto was filed on behalf of defendant. That elicited a March 21 reply memorandum by Ms. Douglass, which in turn led to another purportedly *pro se* pleading on behalf of defendant. Another suppression hearing date had gone by the boards.[4] The most recent petition for a writ of mandamus, etc., was denied by the Court of Appeals on April 19, 1990. On April 28, a Petition for Panel Rehearing from April 19, 1990 Panel Order Circuit Judges, Who Denied Petition for Mandamus but Might Not Have Ruled Upon Remainder of Relief Requested was filed in the Court of Appeals. Again, it purports to be a pleading by defendant *pro se,* but unquestionably it was prepared by Mr. Brunwasser.

### *The Future*

▆ Mr. Brunwasser obviously sees no duty to conduct himself here as an officer of the court. Defendant may continue to have contact with Mr. Brunwasser. However, the time has come to place the courtroom off limits to Mr. Brunwasser. Henceforth, Mr. Brunwasser, and any surrogate

---

**3.** Through the transparent device of using handprinted pleadings which purport to be *pro se,* or by holding himself out to be a party to the litigation, Mr. Brunwasser appears to have been and still is, engaging in the unauthorized practice of law in both this Court and the Court of Appeals.

**4.** This recitation is not intended to be complete. Illustratively, there also were two appeals, both of which were dismissed on the Court of Appeals' own motion. (D.C.Cir. Nos. 87–3083 and 88–3005.)

of his who would seek to interfere with the orderly processes of the case, will not be permitted into the courtroom on any day on which proceedings are to be held in this case.

It is now nearly three years since defendant was arrested, and the only progress which has been made is the creation of an extraordinary paper trail, with wholly unwarranted burdens having been placed on this Court, the Court of Appeals, and the Supreme Court. Defendant shall have until May 18, 1990, within which to obtain an attorney of his choice who is a member of the bar of this Court.[5] No request for an extension of this deadline will be granted. Defendant shall advise the Court on or before that date whether he does or does not have an attorney who is a member of the bar of this Court. If he does, that attorney should enter his or her appearance no later than May 21, 1990. If he does not, the Court shall appoint an attorney experienced in criminal matters on a *pro bono* basis to represent defendant. In that eventuality, the attorney's primary obligation shall be to represent defendant effectively, but the attorney also will be expected to live up to his or her professional obligations as an officer of the Court.

In either case, a status call will be held at 1:30 p.m. on May 25, 1990, in Courtroom 14 to set dates for a hearing on the long-pending motion to suppress and for a trial (with the latter date to be utilized only if the motion to suppress is denied.) As ordered, Mr. Brunwasser shall not be permitted in the courtroom. Defendant, of course, is required to be present.

At the status call, defendant's conditions of release pending trial will be re-examined. The present unsecured appearance bond of $25,000 may be rescinded. Instead, he may be released on his personal recognizance, subject to certain conditions. Among them may be the requirement that defendant make himself available in the District of Columbia to confer with his new counsel, either retained or appointed, at any time—without the presence of Mr. Brunwasser or any surrogate of his—at the request of new counsel.[6] Failure to comply with any condition of release shall result in defendant's being held without bond pending trial.

■ Finally, the motion for leave to withdraw of Ms. Douglass—herself sorely manipulated by defendant and Mr. Brunwasser—is granted, effective as of the time new counsel is in place. As is true with respect to her three District of Columbia predecessors, the Court finds no fault whatsoever with her performance in this case.

SO ORDERED.

---

5. No other non-District of Columbia attorney will be granted permission to represent defendant. *See* Local Rule 104(d).

6. Of course, new counsel shall be free to consult with Mr. Brunwasser to the extent that he or she chooses to do so—except in Courtroom 14 or, if the need arises, in the court's cellblock.